1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANTOS CHAVEZ, | ) | No. C 09-5244 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION TO |
| | ) | DISMISS; ORDER OF |
| v. | ) | DISMISSAL |
| | ) | |
| ACTING WARDEN BEN CURRY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging decisions by the California Board of Parole Hearings ("Board") in finding him unsuitable for parole.  Specifically, Petitioner argues that his due process rights were violated because there was not "some evidence" to support a denial of parole in 2008, and the Board has repeatedly denied him parole based solely on the nature of the commitment offense.  The Court issued an order to show cause and, on June 7, 2010, Respondent filed a motion to dismiss the petition.  Petitioner filed an opposition to the motion, and Respondent replied.  For the reasons stated below, the Court DENIES Respondent's motion to dismiss, and instead, DISMISSES the petition for failure to state a claim.

## BACKGROUND

According to the petition, Petitioner was convicted in 1984 of second degree murder, and

1   sentenced to seventeen years to life in state prison.  In 2008, the Board found Petitioner

2   unsuitable for parole.  After exhausting his state court remedies, Petitioner filed the underlying

3   federal habeas petition.

4   **DISCUSSION**

5   Respondent has filed a motion to dismiss the case as moot because Petitioner has already

6   received all the remedy he could be entitled to in the form of a new parole hearing, which was

7   held on November 4, 2009.  (MTD at 1, Ex. A.)  Petitioner has opposed the motion, arguing that

8   his petition satisfies the exceptions to the mootness doctrine.  Article III, § 2, of the Constitution

9   requires the existence of a "case" or "controversy" through all stages of federal judicial

10   proceedings.  This means that, throughout the litigation, the plaintiff "must have suffered, or be

11   threatened with, an actual injury traceable to the defendant and likely to be redressed by a

12   favorable judicial decision."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

13   Despite the arguments for and against a finding of mootness, the Supreme Court has

14   recently determined that a federal habeas court cannot review sufficiency of the evidence claims

15   to analyze whether "some evidence" supports the Board's decision to deny parole.  *Swarthout v.*

16   *Cooke*, No. 10-333, 2011 WL 197627, *2 (U.S. January 24, 2011) (per curiam) (in order to

17   comport with due process, a prisoner is only entitled to "an opportunity to be heard and [be]

18   provided a statement of the reasons why" parole was denied); *Greenholtz v. Inmates of Neb.*

19   *Penal and Correctional Complex*, 442 U. S. 1, 7 (1979) ("There is no right under the Federal

20   Constitution to be conditionally released before the expiration of a valid sentence, and the States

21   are under no duty to offer parole to their prisoners.").  Thus, a state prisoner who raises due

22   process claims in a federal habeas petition, and argues that the Board improperly denied parole

23   based on insufficient evidence, fails to state a cognizable claim upon which relief may be

24   granted.

25   Because Petitioner's claims are not cognizable, *see Cooke*, 2011 WL 197627 at *2,

26   Respondent's motion to dismiss for mootness is DENIED.  In light of *Cooke*, the Court

27   DISMISSES the petition for failure to state a claim.

28

1

**CONCLUSION**

2        The petition for a writ of habeas corpus is DISMISSED.  The Clerk shall enter judgment

3  in accordance with this order, terminate any pending motions, and close the file.

4        Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on

5  whether a petitioner is entitled to a certificate of appealability in the same order in which the

6  petition is denied.  Petitioner has failed to make a substantial showing that his claim amounted to

7  a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial

8  of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently,

9  no certificate of appealability is warranted in this case.

10       IT IS SO ORDERED.

11 DATED: _2/8/11_____          _____*Lucy H. Koh*_____
                                    LUCY H. KOH
12                                  United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Motion to Dismiss; Order of Dismissal
P:\PRO-SE\SJ.LHK\HC.09\Chavez244dis.wpd          3